IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE R. BARRETT ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No.:  08-3039 |
| ) | |
| MORGAN COUNTY SHERIFF ) | |
| DEPARTMENT:  ADMINISTRATOR ) | |
| BRENT CHATHAM, CORRECTIONAL ) | |
| OFFICERS ALLEN MCCLLELAN, ) | |
| RYAN NICHOLS ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

Defendants Brent Chatham, Alan McClellan, and Ryan Nichols, by their attorneys Clifford G. Kosoff and George J. Casson, respectfully submit the following memorandum of law in support of their motion to dismiss certain of the claims presented in the complaint of plaintiff Donnie R. Barrett.

### INTRODUCTION

This is an action brought *pro se* pursuant to 42 U.S.C. §1983 by a former detainee in the Morgan County jail who claims that defendants violated his constitutional rights by failing to protect him from assault by another detainee.  The defendants are Jail Administrator Brent Chatham and correctional officers Alan McClellan[1] and Ryan Nichols.  Each defendant is sued in both his individual capacity and his official capacity.

The complaint (Doc. 1) alleges that plaintiff had been the subject of both verbal and physical abuse by inmate Jamie S. Curran during the period from March 2006 until June 2006. Plaintiff claims that he had made numerous verbal and written complaints to defendants

---

[1] Alan McClellan's name is spelled incorrectly in the complaint and the case caption as "Allen McCllelan."

Chatham and McClellan, but that Chatham and McClellan refused to move him away from Curran. Plaintiff alleges that he was assaulted and injured by Curran on June 9, 2006.

Plaintiff does not allege that he complained to defendant Nichols about the alleged threats to his safety or that Nichols had any responsibility for the plaintiff's cell assignment in the jail. The only substantive allegation in the complaint relating to Nichols is that he had "passed" notes "through the bars of D-Block to inmate Jamie S. Curran."

The complaint does not differentiate between the claims made against defendants in their individual capacities and the claims against them in their official capacities. Plaintiff in effect relies on the same allegations to support the individual-capacity claims and the official-capacity claims.

The court performed a merit review on March 25, 2008 determining that the complaint stated a constitutional claim for failure to protect plaintiff from an inmate assault. Defendants do not question that the complaint states a claim as it relates to plaintiff's claims against Chatham and McClellan in their individual capacities. However, defendants do challenge the legal sufficiency of plaintiff's claim against Nichols and his claims against all defendants in their official capacities.

## ARGUMENT

I.    The Complaint Does Not State An Actionable Claim For Relief From The Defendants In Their Official Capacities.

By pleading a §1983 claim against each defendant in his official capacity, plaintiff in effect is suing their municipal employer, the Sheriff of Morgan County.[2] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 n.55 (1978); *Perkins v. Silverstein*,

---

[2] Plaintiff's reference in the caption of the complaint to the "Morgan County Sheriff [sic] Department" suggests that plaintiff identifies it as the municipal entity responsible for the actions of the defendants. However, the "Morgan County Sheriff's Department" has no legal existence and is incapable of being sued. *See, Bedwell v. McHenry County,* 1994 U.S. Dist. LEXIS 5292, *9 (N.D. Ill.)

2

939 F.2d 463, 469 (7th Cir. 1991). Plaintiff's claim against the defendants' municipal employer - - the official-capacity claim - - is distinct from his claims against the individual defendants and must have a factual basis apart from the basis for plaintiff's claims against the individual defendants. A municipality cannot be vicariously liable under §1983 for the constitutional torts of its employees. *Monell*, 436 U.S. at 691 ("a municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory"; emphasis in original); *Dye v. Wargo*, 253 F.3d 296, 298 (7th Cir. 2001). Municipal liability under §1983 is possible only where an official municipal policy or custom caused a deprivation of constitutional rights. *Monell*, 436 U.S. at 690, 691; *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002) (plaintiff "must show that the Sheriff, and not just Jail employees, 'made a deliberate choice among various alternatives and that the injury was caused by the policy'"); *Dye*, 253 F.3d at 298 ("under §1983 a municipality. . .is answerable only for the consequences of its policies").

Plaintiff's complaint fails to state an official-capacity claim because it does not allege facts which show that the individual defendants acted pursuant to a municipal policy or custom when they did not separate plaintiff from the other detainee and that plaintiff as a result was deprived of a right protected by the Constitution. *Perkins*, 939 F.2d at 469; *Jackson v. City of Joliet*, 2004 U.S. Dist. LEXIS 4278, *5-*6 (N.D. Ill); *Thompson v. City of Chicago*, 2004 U.S. Dist. LEXIS 29689, *14 n.6 (N.D. Ill.).

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets a standard of notice pleading, requiring that a complaint provide at a minimum "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2). This requires a plaintiff to plead sufficient facts to give a defendant fair notice of what the claim is and the grounds upon

which it rests. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *Perkins*, 939 F.2d at 466-467; *Jackson*, 2004 U.S. Dist. LEXIS 4278, *3, *7. Here, the complaint does not meet this standard because it does not give the defendants' municipal employer any notice regarding the nature of or the basis for plaintiff's official-capacity claim. *Id*.

II.     The Complaint Does Not Allege Facts Supporting A Section 1983 Claim Against Defendant Nichols.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). There is a similar duty with respect to pretrial detainees which is derived from the Fourteenth Amendment. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). This duty is violated when a prison official knows of a substantial risk of serious injury to a prisoner but nonetheless fails to take appropriate action to protect the prisoner from the known danger. *Weiss*, 230 F.3d at 1032. The standard for liability is deliberate indifference: the defendant must have had actual knowledge that there was a substantial risk of serious harm to the prisoner and disregarded the risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 517-518 (7th Cir. 2002).

Again, plaintiff's obligation at the pleading stage is to allege sufficient facts in the complaint to give Nichols fair notice of what plaintiff's claim is against Nichols and the grounds upon which it rests. *Leatherman*, 507 U.S. at 168. The complaint does not meet that pleading requirement with respect to Nichols since it fails to allege facts demonstrating that Nichols had knowledge of any threat to plaintiff's safety and, having knowledge of the risk, disregarded it. *Steidl v. Gramley*, 151 F.3d 739, 740-741 (7th Cir. 1998) (complaint against prison warden dismissed where it did not allege that warden had actual knowledge of substantial threat to

4

plaintiff). The only allegation in the complaint regarding Nichols is that he passed notes to Curran through the bars of the cellblock. Such conduct, if true, does not implicate in any way plaintiff's constitutional rights.

## CONCLUSION

For the foregoing reasons, defendants Brent Chatham, Alan McClellan, and Ryan Nichols request that the court strike and dismiss the complaint of plaintiff Donnie R. Barrett to the extent that it purports to present claims against Nichols individually and all defendants in their official capacities.

Respectfully submitted,

BRENT CHATHAM, ALAN MCCLELLAN and RYAN NICHOLS, Defendants

By: s/George J. Casson
George J. Casson # 0412627
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: gcasson@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONNIE R. BARRETT** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No.:  08-3039 |
| ) | |
| **MORGAN COUNTY SHERIFF** ) | |
| **DEPARTMENT:  ADMINISTRATOR** ) | |
| **BRENT CHATHAM, CORRECTIONAL** ) | |
| **OFFICERS, ALLEN MCCLLELAN,** ) | |
| **RYAN NICHOLS** ) | |

## CERTIFICATE OF SERVICE

     I hereby certify that on June 27, 2008, I electronically filed this Memorandum of Law in Support of Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system and I hereby certify that on June 27, 2008 I mailed by United States Postal Service, the document to the following non-registered participant:

Donnie R. Barrett (*Pro Se*)
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1 Box 6A
Rushville, IL 62681

                                                                              BRENT CHATHAM, ALLEN
                                                                              MCCLELLAN and RYAN NICHOLS

                                                      By:     s/George J. Casson
                                                                         George J. Casson # 0412627
                                                                         O'Halloran Kosoff Geitner & Cook, LLC
                                                                         650 Dundee Road, Suite 475
                                                                         Northbrook, Illinois 60062
                                                                         Telephone:  (847) 291-0200
                                                                         Fax: (847) 291-9230
                                                                         E-mail:  gcasson@okgc.com