E-FILED
Monday, 04 August, 2008  02:04:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DONNIE R. BARRETT,

    Plaintiff,

                                                    08-3039

BRENT CHATHAM et al.,

    Defendants.

## Case Management Order

The defendants have moved to dismiss the official capacity claims against them, and, Defendant Nichols has moved to dismiss the claims against him for failure to state a claim (d/e 15).

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are taken as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the plaintiff's "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083(7th Cir. 2008)(quoted and other citations omitted).

The plaintiff alleges that the defendants failed to protect him from an assault by another inmate at the Morgan County Jail. As to the part Defendant Nichols played, Nichols allegedly passed notes to the inmate who eventually assaulted the plaintiff. The inmates who assaulted the plaintiff had told Defendant McClellan that voices in his head were telling him to kill someone.

The inference that arises from the plaintiff's allegations is that Defendant Nichols fed information to the assaulting inmate about the plaintiff's convictions for sex-related crimes and also fed him notes encouraging him to harm the plaintiff. That sufficiently states a claim against Nichols, individually. Whether the facts will support the claim is a question for another day.

The court agrees with the defendants that the plaintiff states no claim against them in their official capacities. If the plaintiff is suing the defendants in their official capacities, his claim is against the government entity, rather than the individuals themselves. *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998); *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997)(official capacity claim against sheriff is a claim against county sheriff's department). "A municipality may be liable for harm to persons incarcerated under its authority 'if it

maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'" *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000), *quoting Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998). Liability attaches to a municipality if 1) an express policy caused the constitutional deprivation; 2) a widespread practice existed "so permanent and well-settled as to constitute a custom or usage within the force of law"; or 3) a person with "final policy-making authority" caused the constitutional deprivation. *Billings v. Madison Metropolitan School Dist.*, 259 F.3d 807, 816 (7th Cir. 2001), citing McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir. 2000).

No inference arises that the assault occurred because of a jail policy. The plaintiff alleges that he pleaded with the defendants for protection from the assaulting inmate, but the defendants deliberately ignored or refused his pleas. That is a claim against them in their individual capacities. Defendant Chatham, the Jail Administrator, is arguably a person with "final policy-making authority," but there is no suggestion that his refusal to help the plaintiff was due to any policy or lack thereof. In sum, the plaintiff has not given fair notice of his claim against the defendants in their official capacities. Accordingly, the official capacity claims will be dismissed, but the claims remain against the defendants in their individual capacities.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to file an amended complaint is granted (d/e 18). The amended complaint appears substantially similar (perhaps identical) to the original complaint. The clerk is directed to docket the amended complaint (attached to d/e 18).

2) The defendants' motion to dismiss is granted in part and denied in part (d/e 15). The official capacity claims against the defendants are dismissed without prejudice. The motion to dismiss is otherwise denied.

3) The plaintiff's motions for appointed counsel are denied (d/e's 3, 21).

In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

Applying this framework, Plaintiff has shown that he made reasonable attempts to find counsel on his own. (attachments to d/e 3). Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that

>were the test, 'district judges would be required to request counsel for every
>indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

Upon review of the plaintiff's submissions in the record, the Court concludes that the plaintiff is competent to litigate his own case. His claim of failure to protect him from assault is not complex. He has personal knowledge of what happened and already has submitted documentation of his injuries and other documentation in support of his claim. His pleadings are literate and effectively communicate his position. In the court's opinion and experience, the plaintiff's pleadings are actually better than most *pro se* pleadings.

4) The conference scheduled for September 9, 2008, is cancelled as unnecessary. All the defendants have appeared and filed their Answer. The clerk is directed to notify the plaintiff's place of detention of the incarceration.

5) Discovery closes November 24, 2008. The plaintiff's detention limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. See CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

6) Dispositive motions are due January 5, 2009.

Entered this __4th__ Day of __August__, 2008.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE